IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BLAINE DRYDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-CV-1354-KHV-KGS |
| ) | |
| CITY OF HAYS, KANSAS, ) | |
| TOBY DOUGHERTY and ) | |
| JAMES BRAUN, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, Blaine Dryden, brings this action pursuant to 42 U.S.C. §1983. For his cause of action, Plaintiff states as follows:

### REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all Counts alleged in the Complaint.

### DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Wichita, Kansas as the place of trial.

### PARTIES

1. Plaintiff, Blaine Dryden, is a resident of Ellis County, Kansas. At all times material hereto, Plaintiff was an employee of the City of Hays, Kansas Police Department.

2. Defendant the City of Hays, Kansas ("the City") is a municipal corporation organized under the laws of the State of Kansas with the power to sue and be sued. At all times material hereto, the City delegated the responsibility for employment decisions pertaining to City employees, including decisions regarding discipline and termination, to the City Manager and the City Manager's designees.

3. Defendant Toby Dougherty ("Dougherty") is a resident of Ellis County, Kansas. At all times material hereto, Defendant Dougherty was the City Manager of the City, and had the ultimate responsibility for all decisions regarding discipline and termination of City employees. Defendant Dougherty is sued in his individual capacity and in his official capacity as the City Manager of Defendant City.

4. Defendant James Braun ("Braun") is a resident of Ellis County, Kansas. At all times material hereto, Defendant Braun was the Chief of Police for the City and had ultimate responsibility for disciplining Police Department employees where the discipline did not involve termination and ultimate responsibility for recommending termination of Police Department employees to the City Manager. Defendant Braun is sued in his individual capacity and in his official capacity as the Chief of Police of Defendant City.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a) (3) and (4), and 42 U.S.C. §1983.

6. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) because a substantial part of the acts and omissions giving rise to plaintiff's claims occurred within the District of Kansas and because Defendant City of Hays is located within the District of Kansas and Defendants Dougherty and Braun reside within the District of Kansas.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS

7. Plaintiff was employed by the City as a full-time police officer with the City's Police Department from January 2, 1985 through January 7, 2011.

8. Fraternal Order of Police Lodge No. 48 ("the F.O.P.") is the exclusive bargaining representative for all full-time, non-supervisory employees of the Hays Police Department, including Plaintiff.

9. Plaintiff was a member of the F.O.P. when his employment was terminated by Defendants. During his employment with the City, Plaintiff served as Treasurer, Vice-President and President of the F.O.P.

10. The F.O.P. is a subordinate member of the Kansas State Lodge of the Fraternal Order of Police ("the State Lodge"). During his employment with the City, and at the time of his termination, Plaintiff served on the Executive Board of the State Lodge.

11. Plaintiff was an outspoken member of the F.O.P. who zealously advocated on behalf of bargaining unit members and other employees of the Department.

12. As an F.O.P. member and as an F.O.P. and State Lodge officer, Plaintiff filed a number of grievances against the City and Police Department.

13. As a citizen, Plaintiff spoke out on matters of public concern regarding the effectiveness of the Department, lack of leadership and experience of Defendant Braun and other command staff including current Chief of Police Don Schiebler, discrimination by the Department's command staff, dishonesty of command staff, officer safety and promotion of unqualified candidates.

14. During the entire period that Defendant Braun was the Chief of Police, Defendant Braun subjected Plaintiff to disparate treatment and discipline as a result of Braun's anti-union animus, his animus toward Plaintiff as an outspoken member of the F.O.P. and the State Lodge, and his animus toward Plaintiff as a citizen speaking about police matters of public concern.

15. As a result of his anti-union animus, his animus toward Plaintiff as an outspoken member of the F.O.P. and the State Lodge, and his animus toward Plaintiff as a citizen speaking out with regarding to police matters of public concern, during the entire period that Defendant Dougherty was the City Manager, he ratified Defendant Braun's disparate treatment of Plaintiff.

16. On or about October 20, 2010, Plaintiff posted on the Department bulletin board articles regarding the habits of successful and unsuccessful police departments. The articles, which focused on citizen complaints, safety and good police protection, were immediately removed.

17. In or about November, 2010, the Department ordered ballistic vests for those officers who would need new vests in 2011. Although Plaintiff was one of those officers, the Department did not order him a vest.

18. On or about December 20, 2010, the City implemented a retroactive three strikes discipline policy. Plaintiff believed the City had wrongfully implemented the policy without bargaining with the F.O.P. and advised his superior officer of this belief.

19. On December 21, 2010, Defendant Braun told Plaintiff that his wearing of his F.O.P. badge in a Department photograph was like a slap in the face.

20. On December 22, 2010, the Department and the City began an investigation of Plaintiff that ultimately resulted in the wrongful termination of Plaintiff's employment.

21. In order to terminate an employee of the Police Department, the Chief of Police must recommend termination to the City Manager. The City Manager must approve the termination and has final policy-making authority for the City on matters of termination of City employees.

22. Upon information and belief, Defendant Daugherty never deviated from Defendant Braun's termination recommendations.

23. On or about January 7, 2011, Defendant Braun recommended to Defendant Dougherty that Plaintiff's employment be terminated.

24. Defendant Dougherty ratified that recommendation and the reasons therefore, and terminated Plaintiff's employment on or about January 7, 2011.

25. A substantial and motivating factor in Defendant Braun's recommendation to terminate Plaintiff's employment was Plaintiff's membership in, participation in, and leadership positions and activities on behalf of the F.O.P. and the State Lodge, and his advocating on behalf of members of the F.O.P.

26. A substantial and motivating factor in Defendant Braun's recommendation to terminate Plaintiff's employment was Plaintiff speaking out on matters of public concern regarding the operation of the Department.

27. A substantial and motivating factor in Defendant Dougherty's termination of Plaintiff's employment was Plaintiff's membership in, participation in, and leadership positions and activities on behalf of the F.O.P. and the State Lodge, and his advocating on behalf of members of the F.O.P.

28. A substantial and motivating factor in Defendant Dougherty's termination of Plaintiff's employment was Plaintiff speaking out on matters of public concern regarding the operation of the Department.

29. Defendants allege that they terminated Plaintiff's employment because certain statements allegedly made by Plaintiff on December 22, 2010, violated Article H(7)(i) and (j) and Article Y(1)(d) of the City of Hays Personnel Manual.

30. In terminating Plaintiff's employment, Defendants accused Plaintiff of "discourteous, disrespectful, disruptive conduct or other offensive behavior in public, to the public, or to employees and officers of the City of Hays."

31. In terminating Plaintiff's employment, Defendants also accused Plaintiff of "behavior that harasses, disrupts, or interferes with another's work performance or that creates an intimidating, offensive, or hostile work environment."

32. In terminating Plaintiff's employment, Defendants also accused Plaintiff of engaging in "impolite, abrasive, and unprofessional behavior."

33. Plaintiff denies that on December 22, 2010 he made all of the statements that have been attributed to him by the Defendants.

34. Defendant denies that any statements that he did make on December 22, 2010 violated Article H(7)(i), H(7)(j), or Y(1)(d) of the City's Personnel Manual.

35. Other employees of the City have made statements similar to those of which Plaintiff is accused of making and have not been disciplined as a result.

36. Defendant Braun has made statements similar to those which are allegedly the basis for Plaintiff's termination without being disciplined by Defendant City.

37. The reasons given for Plaintiff's termination impugn Plaintiff's good name, reputation, honor and integrity.

38. The reasons given for Plaintiff's termination are false.

39. The City did not have grounds to termination Plaintiff's employment.

40. Documentation of the false and defamatory allegations that Defendants claim are the basis for Plaintiff's termination are maintained by the Defendants in Plaintiff's personnel file and/or Police Department files.

6

41. Kansas law requires Defendants to provide a written report to the Commission on Police Officer Standards and Training ("CPOST") explaining the reason for Plaintiff's termination. Upon information and belief, Defendants have provided such a report to CPOST. That report is available to any law enforcement agency to which Plaintiff may apply for employment.

42. The false and defamatory allegations that Defendants claim are the basis for Plaintiff's termination were published by the Defendants when they provided a commercial court reporting firm with recordings of Plaintiff's "exit interview" and Plaintiff's "investigative interview" in which he was first notified of the allegations against him.

43. Upon information and belief, the false and defamatory allegations that Defendants claim are the basis for Plaintiff's termination were published by the Defendants to the Kansas Department of Labor when Defendants opposed Plaintiff's unemployment claim.

44. Upon information and belief, the false and defamatory allegations that Defendants claim are the basis for Plaintiff's termination were also published by the Defendants to other members of the public and to potential employers.

45. Documentation of the false and defamatory allegations against Plaintiff is maintained by the City in Plaintiff's personnel file and/or Police Department files.

46. Publication of the false and defamatory allegations that Defendants claim are the basis for termination of Plaintiff's employment has foreclosed and will continue to foreclose employment opportunities for Plaintiff.

47. Plaintiff filed a grievance with the City regarding the termination of his employment, pursuant to City policy.

48. Plaintiff has exhausted his rights under the City's grievance procedure.

49. The City failed to comply with its own grievance procedure in that it's "fact-finding" required under the City's grievance procedure was nothing more than a rubber stamp of the decision to terminate Plaintiff's employment.

50. The purported "fact-finding" report was merely a regurgitation of facts alleged in the initial termination and contained numerous false statements. The City's fact-finder ignored all evidence that Plaintiff attempted to offer.

51. The purported "fact-finding" report alleged new grounds for Plaintiff's termination.

52. On September 21, 2011, Defendant Dougherty met privately with Plaintiff to discuss the purported fact-finding report. The meeting consisted solely of Defendant Dougherty asking Plaintiff questions; Defendant Dougherty did not provide any information. Plaintiff was not allowed to present any witnesses on his behalf. Plaintiff was not allowed to cross examine witnesses; the City did not present any witnesses for Plaintiff to cross-examine.

53. On September 30, 2011, Defendant Dougherty upheld his original decision to terminate Plaintiff's employment.

54. During the grievance process, the City Manager denied Plaintiff's request to obtain the name of his accuser, denied Plaintiff's requests for the names of all persons who gave statements against him, denied Plaintiff the opportunity to confront or cross examine his accusers, denied Plaintiff certain documents necessary to a meaningful hearing to clear his name, and denied Plaintiff's counsel any meaningful participation in the grievance process.

55. The City repeatedly denied Plaintiff's request for a name clearing hearing under the Fourteenth Amendment to the United States Constitution.

56. The City's grievance procedure does not satisfy the Constitutional requirements for a name clearing hearing.

57. As a result of Defendants' unlawful conduct described in the proceeding paragraphs, Plaintiff has been denied employment opportunities in law enforcement and will continue to be deprived of future employment opportunities.

58. At the time he was terminated, Plaintiff intended to continue in his employment as a police officer for the City.

59. As a result of Defendants' unlawful activities, as described in the preceding paragraphs, Plaintiff has been, and continues to be, unlawfully deprived of the wages and other benefits of his employment with the City, of the enjoyment of his career, and the occupational liberty in his occupation and good reputation.

60. As a result of Defendants' unlawful activities, as described in the preceding paragraphs, Plaintiff has suffered, and continues to suffer, substantial personal injuries including, but not limited to, anxiety, trauma, stress, emotional distress, shame and humiliation, impacting his personal and professional life.

61. The acts and omissions of Defendants Dougherty and Braun were driven by evil motive or intent, or involved reckless or callous indifference to or disregard of Plaintiff's constitutional rights, by reason of which Plaintiff is entitled to an award of punitive damages in an amount to be determined at trial.

62. Plaintiff is entitled to recover his reasonable attorneys' fees and expenses are provided by 42 U.S.C. §1988.

63. Because Defendant Dougherty has final policymaking authority for the City on matters involving termination of employees, the acts and omissions of Defendant Dougherty as

alleged herein, including his decision to terminate Plaintiff's employment, his decision to deny Plaintiff a name-clearing hearing, his decision to terminate Plaintiff's employment with the City, and his ratification of Defendant Braun's recommendation to terminate Plaintiff and of Defendant Braun's other discipline of Plaintiff and the unlawful basis for said recommendation and discipline, constitute the policy, custom and practices of Defendant City.

### COUNT I: FREEDOM OF ASSOCIATION CLAIM

64. Plaintiff incorporates Paragraphs 1 through 63, above.

65. At the time of Plaintiff's termination, it was clearly established that the First Amendment to the United States Constitution guarantees Plaintiff the freedom to associate with and act on behalf of the F.O.P. and State Lodge without retaliation by the Defendants.

66. Defendants, intentionally or with deliberate indifference to Plaintiff's rights, violated Plaintiff's First Amendment right to freedom of association by terminating Plaintiff's employment in retaliation for his membership, participation and leadership in the F.O.P. and State Lodge.

67. Plaintiff would not have been discharged but for the Defendants' retaliation against him for exercising his First Amendment Right to freedom of association.

68. As the proximate cause of Defendants' violations of Plaintiff's rights under the First Amendment to the United States Constitution, Plaintiff has suffered, and will continue to suffer, those damages set forth in Paragraphs 57 through 62 of this Complaint.

### COUNT II: FREEDOM OF SPEECH

69. Plaintiff incorporates Paragraphs 1 through 63 above.

70. At the time of Plaintiff's termination, it was clearly established that under the First Amendment to the United States Constitution, a public employer is prohibited from

retaliating against public employees who, speaking as citizens, speak out on matters of public concern.

71.     The City and the Department's interest in promoting the efficiency of the services they perform through their employees, did not outweigh Plaintiff's interests, as a citizen, in commenting upon matters of public concern.

72.     The matters of public concern on which Plaintiff commented were a substantial or motivating factor in his discharge by the City.

73.     Plaintiff would not have been discharged but for the Defendants' retaliation against him for exercising his First Amendment right to freedom of speech.

74.     As a proximate cause of Defendants' violation of Plaintiff's rights under the First Amendment to the United States Constitution, Plaintiff has suffered, and will continue to suffer, those damages set forth in Paragraphs 57 through 62 of this Complaint.

## COUNT III:  LIBERTY INTEREST CLAIM

75.     Plaintiff incorporates Paragraphs 1 through 63, above.

76.     At the time of Plaintiff's termination, it was clearly established that under the Fourteenth Amendment to the United States Constitution, Plaintiff has a liberty interest in his right to enjoy employment opportunities in his chosen field and in his good reputation and that Defendants may not deprive Plaintiff of his liberty interests without providing him with a hearing to clear his name.

77.     Defendants, intentionally or with deliberate indifference to Plaintiff's rights, have deprived Plaintiff of his liberty interests and have deprived him of the name-clearing hearing to which he is entitled under the Fourteenth Amendment to the United States Constitution.

78.  As the proximate cause of Defendants' violation of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution, Plaintiff has suffered, and will continue to suffer, those damages set forth in Paragraphs 57 through 62 of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court, after trial by jury, enter judgment against Defendants for his actual damages, nominal damages, and punitive damages in an amount to be determined at trial, and for attorneys fees pursuant to 42 U.S.C. § 1988, for costs herein, and for such further legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

STEVE A. J. BUKATY, CHARTERED
8826 Santa Fe Drive, Suite 218
Overland Park, KS 66212
913-341-1040
913-385-5535 facsimile
sbukaty@bukatylaw.com
dhoward@bukatylaw.com

Steve A. J. Bukaty          #08749

Denise M. Howard           #17740