# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BLAINE DRYDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-01354-KHV-KGS |
| | ) | |
| CITY OF HAYS, KANSAS, | ) | |
| TOBY DOUGHERTY and | ) | |
| JAMES BRAUN, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANTS CITY OF HAYS, KANSAS, DOUGHERTY AND BRAUN

Defendants City of Kansas, Toby Dougherty, and James Braun, by and through their undersigned counsel of record, hereby answer, respond, and defend against the Complaint of Plaintiff Blaine Dryden as follows:

### REQUEST FOR JURY TRIAL

Defendants state that the information contained in this paragraph is not a statement of fact to which an answer is required.

### DESIGNATION OF PLACE OF TRIAL

Defendants state that the information contained in this paragraph is not a statement of fact to which an answer is required.

### PARTIES

1.      Answering paragraph 1 of Plaintiff's Complaint, Defendants admit that Plaintiff was employed at the City of Hays, Kansas Police Department from January 2, 1985, until his termination of employment on January 7, 2011, but are without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in that paragraph and, therefore, deny same.

2.      Answering paragraph 2 of Plaintiff's Complaint, Defendants admit that Defendant City is a municipal corporation organized under the laws of the State of Kansas with the power to sue and be sued, and that the City Manager's responsibilities include, but are not limited to, employment decisions, which include discipline and termination, but are without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in that paragraph and, therefore, deny same.

3.      Answering paragraph 3 of Plaintiff's Complaint, Defendants admit that Defendant Dougherty is a resident of Ellis County, Kansas, that he is the City Manager of Defendant City, that he is being sued in his individual and official capacities, and that his responsibilities include, but are not limited to, employment decisions, which include discipline and termination of City employees.

4.      Answering paragraph 4 of Plaintiff's Complaint, Defendants admit that Defendant Braun is a resident of Ellis County, Kansas, that he was the Chief of Police at the time of Plaintiff's termination of employment, that he is being sued in his individual and official capacities, that his responsibilities included, but were not limited to, employee discipline, and that as Chief, he could make recommendations for termination to the City Manager.

## JURISDICTION AND VENUE

5.      Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraphs 5 of Plaintiff's Complaint and, therefore, deny same.

6.      Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraphs 6 of Plaintiff's Complaint and, therefore, deny same.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS

7.      Defendants admit the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.      Answering paragraph 8 of Plaintiff's Complaint, Defendants admit that Fraternal Order of Police Lodge No. 48 ("FOP") is the sole and exclusive meet and confer agent for all full-time personnel

employed by the Hays Police Department, excluding the Chief of Police, Assistant Chief of Police, Police Lieutenants, and other full-time supervisor positions.

9.      Answering paragraph 9 of Plaintiff's Complaint, Defendants admit that Plaintiff was a member of the FOP at the time of his termination of employment with Defendant City, but are without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in that paragraph and, therefore, deny same.

10.      Answering paragraph 10 of Plaintiff's Complaint, Defendants admit that the FOP is a suboridinate member of the Kansas State Lodge of the Fraternal Order of Police, but are without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in that paragraph and, therefore, deny same.

11.      Defendants deny the allegations, matters and averments made or contained in paragraph 11 of Plaintiff's Complaint.

12.      Defendants deny the allegations, matters and averments made or contained in paragraph 12 of Plaintiff's Complaint.

13.      Defendants deny the allegations, matters and averments made or contained in paragraph 13 of Plaintiff's Complaint.

14.      Defendants deny the allegations, matters and averments made or contained in paragraph 14 of Plaintiff's Complaint.

15.      Defendants deny the allegations, matters and averments made or contained in paragraph 15 of Plaintiff's Complaint.

16.      Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraphs16 of Plaintiff's Complaint and, therefore, deny same.

17.     Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraphs17 of Plaintiff's Complaint and, therefore, deny same.

18.     Answering paragraph 18 of Plaintiff's Complaint, Defendants admit that the City implemented  revisions to its personnel manual in or around December 2010 and that Detective David Bunger went over the manual's revisions with Plaintiff on December 20, 2010, and specifically Article H covering discipline, but are without sufficient information or knowledge to admit or deny as to what Plaintiff's beliefs were and, therefore, deny same.  While Plaintiff spoke to Bunger about the policy manual revisions, Defendants deny that Plaintiff specifically told Bunger that he believed the City had wrongfully implemented the policy without bargaining with the FOP.  The policy manual is a written document that speaks for itself and all allegations inconsistent therewith are denied.  Defendants den

19.     Defendants deny the allegations, matters and averments made or contained in paragraph 19 of Plaintiff's Complaint.

20.     Answering paragraph 20 of Plaintiff's Complaint, Defendants admit that Defendant City began an investigation into Plaintiff's conduct at the Ellis County Courthouse on December 22, 2010, and that it terminated Plaintiff's employment on January 7, 2011, following its investigation.  Defendants deny that Plaintiff's termination of employment was wrongful.

21.     Answering paragraph 21 of Plaintiff's Complaint, Defendants admit that the Chief of Police makes recommendations of employee terminations within the Police Department to the City Manager and that the City Manager is responsible for all employment terminations within the Police Department.

22.     Answering paragraph 22 of Plaintiff's Complaint, Defendants admit that Defendant Dougherty approved Defendant Braun's recommendation for Plaintiff's termination of employment, but are without sufficient information or knowledge to admit or deny the balance of the allegations, matters and averments made or contained in that paragraph and, therefore, deny same.

23.     Defendants admit the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.     Answering paragraph 24 of Plaintiff's Complaint, Defendants admit that Defendant Dougherty terminated Plaintiff's employment on January 7, 2011, after a review of all of the pertinent documents concerning Plaintiff.

25.     Defendants deny the allegations, matters and averments made or contained in paragraph 25 of Plaintiff's Complaint.

26.     Defendants deny the allegations, matters and averments made or contained in paragraph 26 of Plaintiff's Complaint.

27.     Defendants deny the allegations, matters and averments made or contained in paragraph 27 of Plaintiff's Complaint.

28.     Defendants deny the allegations, matters and averments made or contained in paragraph 28 of Plaintiff's Complaint.

29.     Answering paragraph 29 of Plaintiff's Complaint, Defendants admit that Plaintiff violated Article H-7 (i) & (j) and Article Y-1(d) of the City's personnel manual resulting from his conduct at the Ellis County Courthouse on December 22, 2010, and that Plaintiff's termination was based on other factors apart from the December 22, 2010, incident.

30.     Answering paragraph 30 of Plaintiff's Complaint, Defendants admit that Plaintiff was told at the time of his termination on January 7, 2011, that he had conducted himself in a manner on December 22, 2010, that was in violation of H-7 (i) & (j) and Article Y-1(d) of the City's personnel manual and that H-7 (i) states, "Discourteous, disrespectful, disruptive conduct or other offensive behavior in public, to the public, or to employees and officers of the City of Hayes."

31.     Answering paragraph 31 of Plaintiff's Complaint, Defendants admit that Plaintiff was told at the time of his termination on January 7, 2011, that he had conducted himself in a manner on December 22, 2010, that was in violation of H-7 (i) & (j) and Article Y-1(d) of the City's personnel manual and that

H-7 (j) states, "Behavior that harasses, disrupts, or interferes with another's work performance or that creates an intimidating, offensive or hostile environment."

32.      Answering paragraph 32 of Plaintiff's Complaint, Defendants admit that Plaintiff was told at the time of his termination on January 7, 2011, that he had conducted himself in a manner on December 22, 2010, that was in violation of H-7 (i) & (j) and Article Y-1(d) of the City's personnel manual and that Article Y-1(d) states, "Impolite, abrasive, and unprofessional behavior in dealing with the public is totally unacceptable. Such behavior could result in disciplinary action or termination of employment."

33.      Defendants state that the information contained in paragraph 33 of Plaintiff's Complaint is not a statement of fact to which an answer is required.  To the extent an answer is required, Defendants refute Plaintiff's denials and maintain that Plaintiff violated H-7 (i) & (j) and Article Y-1(d) of the City's personnel manual.

34.      Defendants state that the information contained in paragraph 34 of Plaintiff's Complaint is not a statement of fact to which an answer is required.   To the extent an answer is required, Defendants refute Plaintiff's denials and maintain that he violated H-7 (i) & (j) and Article Y-1(d) of the City's personnel manual.

35.      Defendants deny the allegations, matters and averments made or contained in paragraph 35 of Plaintiff's Complaint.

36.      Defendants deny the allegations, matters and averments made or contained in paragraph 36 of Plaintiff's Complaint.

37.      Defendants deny the allegations, matters and averments made or contained in paragraph 37of Plaintiff's Complaint.

38.      Defendants deny the allegations, matters and averments made or contained in paragraph 38 of Plaintiff's Complaint.

39.     Defendants deny the allegations, matters and averments made or contained in paragraph 39 of Plaintiff's Complaint.

40.     Defendants deny the allegations, matters and averments made or contained in paragraph 40 of Plaintiff's Complaint.

41.     Answering paragraph 41 of Plaintiff's Complaint, Defendants admit that Defendant Braun provided a letter to Steven Culp at KS-CPOST on February 10, 2011, concerning Plaintiff's termination of employment.  Defendants state that Braun's letter is a written document that speaks for itself and all allegations inconsistent therewith are denied.

42.     Defendants deny the allegations, matters and averments made or contained in paragraph 42 of Plaintiff's Complaint.

43.     Defendants deny the allegations, matters and averments made or contained in paragraph 43 of Plaintiff's Complaint.

44.     Defendants deny the allegations, matters and averments made or contained in paragraph 44 of Plaintiff's Complaint.

45.     Defendants deny the allegations, matters and averments made or contained in paragraph 45 of Plaintiff's Complaint.

46.     Defendants deny the allegations, matters and averments made or contained in paragraph 46 of Plaintiff's Complaint.

47.     Answering paragraph 47 of Plaintiff's Complaint, Defendants admit that Plaintiff filed a grievance on or about January 18, 2011, pursuant to the City's grievance policy.

48.     Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 48 of Plaintiff's Complaint and, therefore, deny same.

49.     Defendants deny the allegations, matters and averments made or contained in paragraph 49 of Plaintiff's Complaint.

50.     Defendants deny the allegations, matters and averments made or contained in paragraph 50 of Plaintiff's Complaint.

51.     Defendants deny the allegations, matters and averments made or contained in paragraph 51 of Plaintiff's Complaint.

52.     Defendants deny the allegations, matters and averments made or contained in paragraph 52 of Plaintiff's Complaint.

53.     Answering paragraph 53 of Plaintiff's Complaint, Defendant Braun sent Plaintiff a letter on September 30, 2010, concerning his termination of employment.  Defendant Braun's letter is a written document that speaks for itself and all allegations inconsistent therewith are denied.

54.     Defendants deny the allegations, matters and averments made or contained in paragraph 54of Plaintiff's Complaint.

55.     Defendants deny the allegations, matters and averments made or contained in paragraph 55of Plaintiff's Complaint.

56.     Defendants deny the allegations, matters and averments made or contained in paragraph 56 of Plaintiff's Complaint.

57.     Defendants deny the allegations, matters and averments made or contained in paragraph 57 of Plaintiff's Complaint.

58.     Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 58 of Plaintiff's Complaint and, therefore, deny same.

59.     Defendants deny the allegations, matters and averments made or contained in paragraph 59 of Plaintiff's Complaint.

60.     Defendants deny the allegations, matters and averments made or contained in paragraph 60 of Plaintiff's Complaint.

61.     Defendants deny the allegations, matters and averments made or contained in paragraph 61 of Plaintiff's Complaint.

62.     Defendants deny the allegations, matters and averments made or contained in paragraph 62 of Plaintiff's Complaint.

63.     Defendants deny the allegations, matters and averments made or contained in paragraph 63 of Plaintiff's Complaint.

## COUNT I: FREEDOM OF ASSOCIATION CLAIM

64.     The denials, admissions, and allegations heretofore made in paragraphs 1 through 63 of this Answer are incorporated herein by reference as though set out in full.

65.     Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 65 of Plaintiff's Complaint and, therefore, deny same.

66.     Defendants deny the allegations, matters and averments made or contained in paragraph 66 of Plaintiff's Complaint.

67.     Defendants deny the allegations, matters and averments made or contained in paragraph 67 of Plaintiff's Complaint.

68.     Defendants deny the allegations, matters and averments made or contained in paragraph 68 of Plaintiff's Complaint.

## COUNT II: FREEDOM OF SPEECH

69.     The denials, admissions, and allegations heretofore made in paragraphs 1 through 68 of this Answer are incorporated herein by reference as though set out in full.

70.     Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 70 of Plaintiff's Complaint and, therefore, deny same.

71.     Defendants deny the allegations, matters and averments made or contained in paragraph 71 of Plaintiff's Complaint.

72.     Defendants deny the allegations, matters and averments made or contained in paragraph 72 of Plaintiff's Complaint.

73.     Defendants deny the allegations, matters and averments made or contained in paragraph 73 of the Complaint.

74.     Defendants deny the allegations, matters and averments made or contained in paragraph 74 of the Complaint.

## COUNT III: LIBERTY INTEREST CLAIM

75.     The denials, admissions, and allegations heretofore made in paragraphs 1 through 74 of this Answer are incorporated herein by reference as though set out in full.

76.     Defendants are without sufficient information or knowledge to admit or deny the allegations, matters and averments made or contained in paragraph 76 of Plaintiff's Complaint and, therefore, deny same.

77.     Defendants deny the allegations, matters and averments made or contained in paragraph 77 of Plaintiff's Complaint.

78.     Defendants deny the allegations, matters and averments made or contained in paragraph 78 of Plaintiff's Complaint.

## PRAYER AND RELIEF

79.     The allegations contained in this unnumbered paragraph contain a prayer for relief to which admission or denial by Defendants is not required, but to the extent any such response is required, Defendants specifically deny Plaintiff is entitled to any form of relief whatsoever from them.

## AFFIRMATIVE DEFENSES

1.     Further answering, Defendants specifically deny each and every allegation and legal conclusion not specifically admitted herein.

2.     Further answering, Defendants allege that Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendants and fails to state a claim upon which relief may be granted against them.

3.     Further answering, Defendants allege that any and all actions or acts committed by them were discretionary in nature and taken in good faith and that the Defendants are protected from liability by the doctrines of qualified immunity, official immunity, absolute immunity, and/or judicial immunity.

4.     Further answering, Defendants allege that they acted with objective reasonableness under the circumstances then existing and that their conduct was justified and/or privileged.

5.     Further answering, Defendants allege that Plaintiff's claims are barred to the extent that he failed to timely and properly exhaust all necessary administrative, statutory and/or jurisdictional prerequisites for the commencement of this action.

6.     Further answering, Defendants allege that any injuries or damages sustained by Plaintiff were caused by his own acts or conduct and that such acts or conducts constitute a bar to Plaintiff's recovery from Defendants.

7.     Further answering, Defendants deny that they engaged in any wrongful or unlawful conduct whatsoever and deny that Plaintiff is entitled to any legal or equitable relief.

8.      Further answering, Defendants allege that any adverse action taken against Plaintiff was based on legitimate, lawful, and non-retaliatory reasons.

9.      Further answering, Defendants allege that in the event the court finds that Defendants violated any law under which the Plaintiff has sued, which is specifically denied, any such violation was neither willful nor done with malice or reckless indifference.

10.     Further answering, Defendants allege that Plaintiff's claims are barred because Plaintiff has failed to mitigate his damages, if any.

11.     Further answering, Defendants allege that Plaintiff had no viable liberty or property interest in his position with Defendant City.

12.     Further answering, Defendants allege that any due process owed to Plaintiff was given in that he had notice and an opportunity to be heard.

13.     Further answering, Defendants allege that Plaintiff did not engage in speech or conduct protected by the First Amendment to the United States Constitution.

14.     Further answering, Defendants allege that the official capacity claims against the individual Defendants are redundant and should be dismissed.

15.     Further answering, Defendants allege that Plaintiff is not entitled to any punitive damage award against them for any one or more of the following reasons:

      a.      The standards by which Defendants' conduct is to be determined as alleged by Plaintiff is vague and wholly arbitrary and, as such, deny due process in violation of the Fifth and Fourteenth Amendments of the United States Constitution;

      b.      The standards for determining the amount and/or subsequent imposition of punitive damages are vague, supply no notice to the Defendants of the potential repercussions of the alleged conduct, and are subject to the unbridled discretion of the fact finder thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

      c.      Plaintiff's request for punitive damages is criminal in nature and the rights given defendants in criminal proceedings under the Fifth, Sixth,

Eighth, and Fourteenth Amendments of the United States Constitution are applicable;

d. Plaintiff's request for punitive damages constitutes a request for and/or imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

e. Plaintiff's request for punitive damages constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution;

f. Plaintiff's request for punitive damages constitutes a denial of equal protection of the law in violation of the Fifth and Fourteenth Amendments of the United States Constitution in that Defendants' wealth or net worth may be considered by a fact finder in determining the award of damages in a punitive damages award;

g. Plaintiff's request for punitive damages cannot protect Defendants against multiple punishments for the same alleged wrong, thereby denying due process under the Fifth and Fourteenth Amendments of the United States Constitution;

h. An award of punitive damages would violate Defendants' due process under the United States Constitution as well as in violation of the United States Supreme Court's decision in *Pacific Mutual Insurance Co. v. Haslip*;

i. To the extent Defendants are being sued in their representative and/or official capacity, Plaintiff is not entitled to any punitive damage award against them, and because punitive damages may not be awarded against a governmental entity in a claim under 42 U.S.C. § 1983 or under 42 U.S.C. § 2000 pursuant to the United States Supreme Court's opinion in *City of Newport v. Fact Concerts, Inc.*; and

j. To the extent that the Defendants are being sued for tort claims under state law, punitive damages against governmental entities are prohibited and/or barred by state statute.

16. Defendants reserve the right to plead and assert additional and/or further affirmative defenses if and when facts supporting said affirmative defenses become known and available to them.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray that Plaintiff takes nothing by his Complaint, that they be granted judgment for costs, and for such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues and claims.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP


   /s/ Jill Waldman, #19634
Jill Waldman, KS Bar #19634
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, Kansas  66210
(913) 339-6757 / (913) 339-6187 (FAX)
jwaldman@fisherpatterson.com

**ATTORNEY FOR DEFENDANTS
CITY OF HAYS, KANSAS, TOBY DOUGHERTY AND
JAMES BRAUN**


## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing this 27th day of January 2012, with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Steve A. J. Bukaty, #08749
Denise M. Howard, #17740
STEVE A.J. BUKATY, CHTD.
8826 Santa Fe Drive, Suite 218
Overland Park, Kansas 66212
(913) 341-1040\Fax: (913) 385-5535
sbukaty@bukatylaw.com
dhoward@bukatylaw.com

**ATTORNEYS FOR PLAINTIFF
BLAINE DRYDEN**


   /s/ Jill Waldman, #19634
ATTORNEY FOR DEFENDANTS