IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BLAINE DRYDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-01354-KHV-KGS |
| | ) | |
| CITY OF HAYS, KANSAS, | ) | |
| TOBY DOUGHERTY and | ) | |
| JAMES BRAUN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANT CITY OF HAYS, KANSAS' MOTION TO DISMISS**

**Introduction**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has asserted that the City of Hays, Kansas ("City") and the named individual defendants violated his constitutional rights of freedom of association and speech as well as violating his liberty interests when they terminated his employment as a police officer for the City on January 7, 2011. As will be demonstrated below, Plaintiff has failed to state a claim against the City.

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). The Court must accept as true all of the factual

allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P.12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009) (*citing Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## Discussion

Defendants Dougherty and Braun have filed a motion for summary judgment on the issue of qualified immunity. The defense of qualified immunity is designed not only to shield public officials from liability, but also to ensure that erroneous suits do not even go to trial. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Harlow v. Fitzgerald*, 457 U.S. 800, 806–08 (1982); *Pueblo Neighborhoods Health Centers v. Losavio*, 847 F.2d 642, 645 (10th Cir. 1988). Defendants Dougherty and Braun have asserted that they are protected by the doctrine of qualified immunity both because there was no violation of a "clearly established" constitutional right and because there was no constitutional violation.

Qualified immunity protects individuals from liability. It does not shelter a municipality from liability. *Medina v. City and County of Denver*, 960 F.2d 1493, 1499–1500 (10th Cir. 1992). When a finding of qualified immunity is predicated on the basis that the law is not clearly established, "there is nothing anomalous about allowing [a suit against a municipality] to proceed." *Watson v. City of Kansas City*, 857 F.2d 690, 697 (10th Cir. 1988). However, a municipality may not be held liable where there was no underlying constitutional violation by any of its employees.

*City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986); *Apodaca v. Rio Arriba County Sheriff's Dept.,* 905 F.2d 1445, 1447–48 (10th Cir. 1990). Where an individual municipal employee is entitled to qualified immunity because the employee's conduct did not violate the law, the municipality cannot be found liable. When a finding of qualified immunity is predicated on the fact the employee's conduct did not violate the law, such a finding is equivalent to a decision on the merits of the plaintiff's claim. *Siegert v. Gilley,* 500 U.S. 226, 231-32 (1991).

Defendants Dougherty and Braun have filed a motion for summary judgment in this matter on the defense of qualified immunity. They argue that they did not violate any constitutional right of Plaintiff and that they did not violate any "clearly established" constitutional right of Plaintiff. Those arguments are incorporated as if fully set forth herein. Should this Court find that Defendants Dougherty and Braun are entitled to qualified immunity because their actions did not violate the law, this matter must be dismissed. As stated above, a municipality cannot be held liable where there is no unconstitutional conduct by its employees. *Heller,* 475 U.S. at 799.

WHEREFORE, Defendant City of Hays, Kansas respectfully requests that this Court enter its Order granting its motion to dismiss and for further relief as this Court deems just and equitable.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP

/s/ Peter Maharry

| | |
|---|---|
| Jill Waldman, jwaldman@fisherpatterson.com | #19634 |
| Peter Maharry, pmaharry@fisherpatterson.com | #19364 |

51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, Kansas 66210
(913) 339-6757 / (913) 339-6187 (FAX)
ATTORNEYS FOR DEFENDANTS
CITY OF HAYS, KANSAS, TOBY DOUGHERTY AND JAMES BRAUN

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing *Memorandum in Support of Defendant City of Hays, Kansas' Motion to Dismiss* this **15th** day of March, 2012, with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Steve A. J. Bukaty, #08749
Denise M. Howard, #17740
Kurt E. Drozd
STEVE A.J. BUKATY, CHTD.
8826 Santa Fe Drive, Suite 218
Overland Park, Kansas 66212
(913) 341-1040\Fax: (913) 385-5535
sbukaty@bukatylaw.com
dhoward@bukatylaw.com
kdrozd@bukatylaw.com

**ATTORNEY FOR PLAINTIFF
BLAINE DRYDEN**

      /s/ Peter Maharry
      ATTORNEYS FOR DEFENDANTS
      CITY OF HAYS, KANSAS, TOBY DOUGHERTY AND
      JAMES BRAUN