## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BLAINE DRYDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-1354-KGS |
| ) | |
| CITY OF HAYS, KANSAS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## <u>ORDER</u>

This matter comes before the Court upon Plaintiff's Amended Motion to Amend Scheduling Order (ECF No. 40).  The matter is fully briefed, and the Court is prepared to rule.  For the reasons stated below, the Court denies Plaintiff's motion.

### I.    Background

Plaintiff Blaine Dryden ("Plaintiff" or "Dryden") was employed by the City of Hays ("City") as a full-time police officer from January 2, 1985 until January 7, 2011.[1]  At all time relevant, Defendant Toby Dougherty ("Dougherty") was the City Manager for the City of Hays, and his responsibilities included disciplining and terminating the employment of City employees.[2]  Defendant James Braun ("Braun") was the City's Chief of Police, and his responsibilities included recommending to the City Manager the firing of police department employees.[3]

On January 7, 2011, Braun recommended to Dougherty that Plaintiff's employment be

---

[1] Compl. ¶ 7, ECF No. 1.

[2] *Id.* ¶ 3; Answer ¶ 3, ECF No. 3.

[3] Compl. ¶ 4; Answer ¶ 4.

terminated because Plaintiff's conduct at a December 22, 2010 child-in-need-of-aid hearing purportedly violated Article H(7)(i) and (j) and Article Y(1)(d) of the City's personnel manual and because of his prior disciplinary history.[4]  On January 7, 2011, Dougherty fired Plaintiff.[5]

On November 11, 2011, Plaintiff filed a Complaint alleging that Defendants violated his right to freedom of association and freedom of speech under the First Amendment to the United States Constitution when they terminated his employment.  Plaintiff also contends that he was not provided with a name-clearing hearing in violation of the due process clause of the Fourteenth Amendment of the United States Constitution.

On February 29, 2012, this Court conducted a scheduling conference with the parties and subsequently entered a Scheduling Order setting forth all pretrial deadlines.  In the current motion, Plaintiff asks the Court to amend the Scheduling Order and extend all remaining pretrial deadlines. Plaintiff now requests that the deadline to complete all discovery be extended from August 31, 2012 to October 31, 2012 and that the deadline to disclose his experts be extended from June 1, 2012 to August 17, 2012.

## II.   Analysis

Fed. R. Civ. P. 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."  In addition, the Scheduling Order in this case states it "shall not be modified except by leave of court upon a showing of good cause."[6]  The "good cause" requirement "reflects the important role a scheduling order plays in a court's management of its

---

[4] Compl. ¶ 23; Answer ¶ 23.

[5] Compl. ¶ 24; Answer ¶ 24.

[6] Scheduling Order, ECF No. 7.

docket."[7]  The Scheduling Order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."[8]

To establish good cause, the moving party must show that, despite due diligence, it could not have reasonably met the original deadline.[9]  The party seeking an extension is expected to demonstrate good faith and some reasonable basis for not meeting the deadline.[10]  Neither the carelessness of the moving party nor a lack of prejudice to the nonmovant offer a grant of relief under the guise of "good cause."[11]  A district court's determination as to whether the movant has established good cause to modify a scheduling order is within the court's discretion, and will be reviewed only for the abuse thereof.[12]

The Scheduling Order provides that all discovery is to be commenced or served in time to be completed by August 31, 2012.  This is two months longer than the standard discovery period utilized in this District, and absent unusual circumstances, this should be a sufficient amount of time

---

[7] *Sun River Energy, Inc. v. Nelson*, No. 11-cv-00198-MSK-MEH, 2012 WL 2920902, at *1 (D. Colo. July 16, 2012); *see also Washington v. Arapahoe Cnty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000) (noting that a "scheduling order is an important tool necessary for the orderly preparation of a case for trial"); *Rent-a-Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 101 (S.D.N.Y. 2003) ("scheduling orders are designed to offer a degree of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed and the case will proceed").

[8] *See Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) (internal citations and quotations omitted).

[9] *Id.*; *Carefusion 213, LLC v. Prof'l Disposables, Inc.*, No. 09-2616-KHV, 2010 WL 4004874, at *3 (D. Kan. Oct. 12, 2010).

[10] *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987).

[11] *Deghand*, 904 F. Supp. at 1221.

[12] *Carefusion,* 2010 WL 4004874, at *3.

in which to complete discovery.

Here, Plaintiff argues that responding to Defendants' Motion for Summary Judgment "significantly hindered Plaintiff's ability to engage in discovery." Although the Court acknowledges that Plaintiff devoted time in responding to Defendants' motion, this has not prevented Plaintiff from being able to complete discovery within the time specified in the Court's Scheduling Order. Plaintiff filed his response to Defendants' summary judgment motion on April 27, 2012 – when there were still four months remaining in the discovery period.[13] Rather than promptly pursuing discovery, Plaintiff waited well over two months – until July 13, 2012 – before propounding any interrogatories or requests for production. This appears to be the first attempt by Plaintiff to initiate any discovery in this case. Further, it is not even clear that Plaintiff actually served any written discovery on July 13 because no certificate of service has been filed.

Even assuming that such written discovery requests were served, Plaintiff does not provide any convincing reason why he failed to initiate any discovery until there were only one and half months remaining in the discovery period. In short, Plaintiff does not provide any reasonable justification for why discovery could not be completed by August 31, 2012. This is not a case where Plaintiff has diligently attempted to complete discovery but was unable to do so within the time constraints of the Courts' Scheduling Order. Rather, Plaintiff has simply delayed in seeking discovery. This does not constitute good cause.[14]

Additionally, Plaintiff seeks to extend the deadline to disclose his experts from June 1, 2012

---

[13] Pl.'s Memo. in Opp'n to Defs.' Mot. for Summ. J., ECF No. 27.

[14] *See Salvatore v. Pingle*, No. 08-00312-BNB-KMT, 2008 WL 4831440, at *1 (D. Colo. Nov. 5, 2008) (counsel's strategy of delaying discovery for four months did not constitute good cause to extend deadlines).

to August 17, 2012.   D. Kan. R. 6.1(a) states that absent a showing of excusable neglect, the Court will not grant a motion for extension of time filed after the specified time expires.   Because Plaintiff filed this motion over one month after the applicable deadline passed, the excusable neglect standard applies.

The excusable neglect standard is higher than the good cause standard.[15]   Courts consider four factors to determine excusable neglect: (1) reason for the delay, including whether it was within the reasonable control of the movant; (2) whether the movant acted in good faith; (3) danger of prejudice to the nonmoving party; and (4) length of the delay and its potential impact on judicial proceedings.[16]   Courts must look to the entire circumstances of the case, but fault in the delay remains a very important factor.[17]

Here, Plaintiff offers no convincing explanation why he did not designate an expert within the time specified in the Court's Scheduling Order.   Further, Defendants would be prejudiced because any an extension until August 17, 2012 would likely postpone resolution of this case and delay court proceedings.   Although Plaintiff appears to be acting in good faith, the Court does not believe that this is a sufficient basis to grant the motion when weighed against the other factors supporting a denial.   The Court concludes that Plaintiff has not demonstrated excusable neglect.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Motion to Amend Scheduling Order (ECF No. 40) is hereby denied.

---

[15] *Sperry v. Werholtz*, No. 04-3125-CM, 2008 WL 941634, at *2 (D. Kan. Apr. 7, 2008).

[16] *Walls v. Int'l Paper Co.*, 192 F.R.D. 294, 295 (D. Kan. 2000).

[17] *Brown v. Univ. of Kan.*, No. 10-2606-WEB-KGG, 2011 WL 1705577, at *1 (D. Kan. May 4, 2011).

5

**IT IS SO ORDERED**.

Dated this 20th day of July, 2012 at Topeka, Kansas.

<u>s/K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge